**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **In Re: Rare Breed Triggers Patent Litigation** | **4:26-md-03176-ALM**<br>**MDL 3176** |
| ABC IP, LLC, and RARE BREED TRIGGERS, INC.,<br>Plaintiffs,<br>v.<br>REDACTED ARMS LLC,<br>Defendant. | Civil Action No. 4:26-cv-00754-ALM |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE**
**<u>THEIR FIRST AMENDED COMPLAINT</u>**

This is a patent infringement case. Plaintiffs ABC IP, LLC ("ABC") and Rare Breed Triggers, Inc. ("Rare Breed") (collectively, "Plaintiffs") accuse Defendant Redacted Arms LLC ("Redacted Arms" or "Defendant") of infringing Plaintiffs' patents through sales of the Super Safety products.

Plaintiffs move for leave to file the proposed First Amended Complaint to add RBTM LLC ("RBTM") as a Plaintiff, and to add trademark, false designation of origin, and unfair competition claims for Redacted Arms's use of RBTM's registered trademarks relating to the name "FRT" in connection with the goods in question.

While Plaintiffs could file another lawsuit asserting the trademark and false designation claims, courts routinely grant leave to amend in cases under these circumstances, particularly where, as here, the motion comes before the deadline to add parties, trial is not imminent, the orderly progression of the case will not be disrupted, and amendment promotes resolution of all

related claims in a single action. That is all the more true in this MDL, where the same trademark claims are already pending in at least 49 other member actions.

On September 17, 2026, the Court denied leave to add RBTM and its trademark claims in five other member actions, and it is holding ABC and Rare Breed's motion for reconsideration of those rulings in abeyance. (MDL Dkt. 92.[1]) Plaintiffs file this motion now so that the request is before the Court by the deadline to add parties. The reasons given in the reconsideration motion apply equally here, and Plaintiffs ask the Court to decide this motion together with it.

Pursuant to Local Rule CV-7, Plaintiffs submit a proposed order (Exhibit A) and the proposed First Amended Complaint as a subsequent docket entry.[2]

**BACKGROUND**

Plaintiffs filed this patent infringement action in the Eastern District of Pennsylvania on May 28, 2026. (Dkt. 1.) The Judicial Panel on Multidistrict Litigation later transferred it to this Court for pretrial proceedings in MDL No. 3176. *In re Rare Breed Triggers Pat. Litig.*, MDL No. 3176, Dkt. 115 (J.P.M.L.).

Redacted Arms answered and asserted counterclaims on July 29, 2026. (Dkt. 15.) Plaintiffs have not previously amended the Complaint.

In the operative Complaint, Plaintiffs assert U.S. Patent Nos. 12,038,247, 12,031,784, 12,529,538, 12,578,159, and 12,636,403 (the "Asserted Patents") against the Super Safety products (the "Accused Products"). (Dkt. 1.)

On October 27, 2026, the Court entered a Patent Scheduling Order for this MDL. (MDL Dkt. 84.) It set November 19, 2026, as the deadline to add parties and January 14, 2027, as the

[1] Citations to the docket for *In re Rare Breed Triggers Patent Litigation*, No. 4:26-md-3176-ALM (E.D. Tex.), are abbreviated "MDL Dkt." throughout.

[2] Throughout the motion, the proposed First Amended Complaint is cited as "Prop. First Am. Cmplt."

deadline for final amended pleadings. (MDL Dkt. 84, at 1–2.) Fact discovery closes July 9, 2027. (*Id.* at 3.)

Separately, on September 17, 2026, the Court denied leave to add RBTM and its trademark claims in five other member actions. ABC and Rare Breed moved for reconsideration. (MDL Dkt. 81.) On November 6, 2026, the Court allowed the newly accused products addressed in that motion and held the remaining issues, including the trademark claims, in abeyance, to be addressed in due course. (MDL Dkt. 92, at 3.)

The proposed pleading alleges that RBTM owns the FRT family of trademarks—including the federally registered marks FRT, FRT-15, FRT-22, FRT-47, FRT-15L3, and FRT-15C3, pending applications for FRT-MR3 and FRT-RD3, and common-law rights dating to at least 2020 (together, the "FRT Marks")—all used in connection with firearm triggers, and that Rare Breed is the exclusive licensee of those marks. (Prop. First Am. Cmplt. ¶¶ 47–50, 104, 113.) The Patent and Trademark Office registered FRT-15 in 2023, and it registered FRT on March 24, 2026, FRT-15L3 on April 21, 2026, FRT-22 and FRT-47 on April 28, 2026, and FRT-15C3 on July 28, 2026. (*Id.* ¶ 48.) Plaintiffs allege that Redacted Arms has, without authorization, used the FRT Marks as a source identifier in U.S. commerce to distribute, advertise, and sell firearm trigger products that do not originate with Plaintiffs, including by promoting its products with the term "FRT" on its website, including on a page titled "Best FRTS Compared: Super Safety vs. Disruptor vs. Atrius vs. Kabuto". (*Id.* ¶¶ 54, 97, 106, 115.) Plaintiffs further allege that Redacted Arms's unauthorized use is likely to cause consumer confusion as to the origin, sponsorship, endorsement, or affiliation of Redacted Arms's products with Plaintiffs, and that Redacted Arms's conduct is knowing, willful, and undertaken in bad faith to trade on the substantial goodwill Plaintiffs have built in the FRT Marks. (*Id.* ¶¶ 56–57, 98–99, 107–08, 116–17.) Based on these allegations, the proposed

pleading asserts three trademark-related causes of action: federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and common-law trademark infringement and unfair competition. (*Id.* ¶¶ 93–120.)

## LEGAL STANDARD

After the window to amend as of right closes, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When leave is required, courts "should freely give [it] when justice so requires." *Id.* A court "must possess a 'substantial reason' to deny a request" for leave, *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)), such as undue delay, futility, bad faith, or undue prejudice, *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile only if it would fail to state a claim under the Rule 12(b)(6) standard. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000).

Rule 15's standard—not Rule 16(b)(4)'s stricter good-cause standard—applies here. Good cause is required only to amend "after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). This motion comes before both deadlines in the Court's Patent Scheduling Order. (MDL Dkt. 84, at 1–2.)

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The Court may add a party "at any time, on just terms." Fed. R. Civ. P. 21.

## ARGUMENT

### A. The Court Should Join RBTM as a Plaintiff

RBTM is the right party to assert these claims. The Lanham Act gives the claim for infringing a registered mark to the "registrant," 15 U.S.C. § 1114(1), a term that includes the registrant's "assigns," *id.* § 1127. RBTM is that assignee. ABC assigned the FRT registrations and applications to RBTM on May 26, 2026, and the Patent and Trademark Office recorded the assignment on June 11, 2026. (MDL Dkt. 81, Ex. 1.) Rare Breed is the exclusive licensee.

RBTM's joinder also meets both requirements of Rule 20(a)(1). First, the trademark claims asserted by RBTM arise out of the same transactions and occurrences giving rise to the patent claims already at issue in this case. The proposed pleading pleads a single, integrated course of infringing conduct. The Accused Products embody the inventions of the Asserted Patents, and the proposed pleading alleges that Redacted Arms uses "FRT" to market its products without authorization. Redacted Arms is alleged to do so on its website. (Prop. First Am. Cmplt. ¶ 54.)

Second, Rule 20(a)(1)(B) requires only that "any" common question arise. Many will: whether Defendant made, sold, offered for sale, or imported the Accused Products; the marketing channels used; the volume and revenue of Defendant's sales, which inform both patent damages and disgorgement of profits on the trademark counts; and the proper scope of injunctive relief, which the proposed pleading frames in unified terms reaching Defendant's principals, agents, affiliates, and those acting in concert with them.

Joining RBTM here also serves the purpose of this MDL. The same trademark claims are already pending in at least 49 other member actions, where RBTM and Rare Breed assert trademark infringement, false designation of origin, and unfair competition claims based on the use of "FRT." (MDL Dkt. 81, at 9 & App. A.) Those claims turn on the same questions in every action: whether RBTM holds valid rights in the FRT Marks, and whether selling competing

products as "FRT" is likely to confuse buyers. If the claims cannot proceed here, Plaintiffs must bring them in a new action, likely in another district, and a second court would decide the same ownership, validity, and confusion questions that this Court will decide in the other member actions. Preventing inconsistent pretrial rulings is a central reason the Panel created this MDL. *In re Rare Breed Triggers Pat. Litig.*, 829 F. Supp. 3d 1370, 1372 (J.P.M.L. 2026). Nor do the trademark claims fall outside a patent MDL: Section 1407 transfers "civil actions," not individual claims, and it is the Panel that "may separate any claim" from a transferred action. 28 U.S.C. § 1407(a).

**B. The Court Should Grant Leave Under Rule 15(a)(2)**

Even without consent, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). None of the reasons that can justify denying leave is present here.

***No undue delay.*** Plaintiffs bring this motion before the deadline the Court set for adding parties. (MDL Dkt. 84, at 1.) And delay alone does not justify denying leave: "[t]he delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004). Plaintiffs reviewed Redacted Arms's website on November 14, 2026, and found Redacted Arms promoting its products with the term "FRT." (Prop. First Am. Cmplt. ¶ 54.) They sought Defendant's position on November 16, and filed this motion two days later.

***No futility.*** The trademark claims are plausibly pleaded: the proposed pleading alleges RBTM's ownership of valid federal registrations and common-law rights in the FRT Marks, Rare Breed's exclusive licensee status, Redacted Arms's unauthorized use of "FRT" as a source identifier in U.S. commerce for competing firearm trigger products, and a likelihood of consumer confusion as to origin, sponsorship, or affiliation. (Prop. First Am. Cmplt. ¶¶ 47–52, 54, 94–98,

104–07, 113–16.) Defendant may dispute these allegations, but a merits dispute is not a reason to deny leave.

***No bad faith.*** Plaintiffs seek to resolve in one action the claims that arise from the same products and the same conduct—not to delay or to gain a tactical advantage.

***No undue prejudice.*** The trademark claims rest on the same sales of the same Accused Products already at issue; they add new theories of liability for that conduct, not a new case. Defendant has already answered and asserted counterclaims (Dkt. 15) and can respond to the First Amended Complaint in the ordinary course. The case remains at an early stage: fact discovery does not close until July 9, 2027, and the claim construction hearing is set for May 24, 2027. (MDL Dkt. 84, at 2–3.) Any incremental discovery burden is minimal and manageable.

## CONCLUSION

This motion comes before the Court's deadline to add parties, and the amendment it seeks keeps every claim about the Accused Products in one action. The Court should grant leave to file the proposed First Amended Complaint, join RBTM LLC as a Plaintiff, and grant any other relief the Court deems just and proper.

DATED: November 18, 2026

Respectfully submitted,

*/s/ Matthew A. Colvin*

Matthew A. Colvin
Texas Bar No. 24087331
Carl E. Bruce
Texas Bar No. 24036278
Bret T. Winterle
Texas Bar No. 24084249
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
E-mail: colvin@fr.com
bruce@fr.com
winterle@fr.com
Tel: (214) 747-5070
Fax: (214) 747-2091

Benjamin J. Christoff
DC Bar No. 1025635
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
E-mail: christoff@fr.com
Tel: (202) 783-5070
Fax: (202) 783-2331

Oliver J. Richards
CA Bar No. 310972
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
E-mail: ojr@fr.com
Tel: (858) 678-5070
Fax: (858) 678-5099

Glenn D. Bellamy (admitted *pro hac vice*)
WOOD HERRON & EVANS LLP
600 Vine Street, Suite 2800
Cincinnati, OH 45202
E-mail: gbellamy@whe-law.com
Tel: (513) 707-0243
Fax: (513) 241-6234

Melissa R. Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
E-mail: melissa@gillamsmithlaw.com

***Attorneys for Plaintiffs***
***ABC IP, LLC and Rare Breed Triggers, Inc.***

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), counsel for Plaintiffs, James Mullen, conferred with counsel for Defendant Redacted Arms LLC, John M. Skeriotis, telephonically on November 17, 2026. The parties discussed their respective positions on the motion, but discussions ended at an impasse. Counsel for Redacted Arms LLC confirmed that it opposes this Motion.

*/s/ Matthew A. Colvin*
Matthew A. Colvin

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 18, 2026, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Matthew A. Colvin*
Matthew A. Colvin